NOT DESIGNATED FOR PUBLICATION

No. 117,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADFORD PAUL THOMPSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed June 29, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Tracey T. Beverlin*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.


ROSAUER, J.: Bradford Thompson appeals the district court's denial of his presentence motion to withdraw his plea of nolo contendere to the severity level 3 drug felony of distribution or possession with intent to distribute methamphetamine (this court notes that while both parties briefed that Thompson pled no contest, the journal entry of sentencing indicates he pled guilty). After entering his plea, Thompson filed a motion to depart to probation from the presumptive prison sentence. Then before sentencing, Thompson filed his motion to withdraw his plea. The court heard the motion, denied it, and sentenced Thompson to the standard sentence, based on his criminal history, of 59

1

months in prison. Thompson appeals the district court's denial of his motion to withdraw plea.

The district court did not err when it denied Thompson's motion to withdraw his plea.

FACTUAL AND PROCEDURAL BACKGROUND

The State originally charged Thompson with two counts of distribution or possession with intent to distribute methamphetamine, one a severity level 2 drug felony and the other a severity level 3. The State based its charges on controlled drug buys Thompson made to his wife who was operating as a confidential informant for law enforcement. The court held a preliminary hearing, and in addition to two detectives, the State called Thompson's wife as a witness. She offered sworn testimony that had several inconsistencies. Months after the preliminary hearing, Thompson reached an agreement with the State where he pled no contest to the level 3 drug felony in exchange for the State dismissing the level 2 drug felony, recommending the standard number of the appropriate grid-box sentence, recommending an oral recognizance bond after entry of the plea, and standing silent on Thompson's motion for a dispositional departure.

After entry of his plea, but before sentencing, Thompson filed a motion to withdraw from the plea agreement. His basis was the inconsistencies with his wife's testimony at the preliminary hearing. In sum, he argued his wife's lies at the preliminary hearing, combined with other evidence affecting her credibility, justified his withdrawal from the plea agreement. The district court held a hearing on the motion, during which it applied the factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The court also considered the preliminary hearing, plea hearing, and the general performance of Thompson's defense counsel. The court denied Thompson's motion.

2

The court then proceeded to sentencing. Thompson argued his departure motion. In accordance with the agreement, the State stood mute. The court denied the departure and sentenced Thompson to prison.

Thompson timely filed his appeal. In his brief, he argues four reasons why the district court improperly denied his motion to withdraw his plea. First, he argues he did not fairly make his plea because of all the inconsistencies in his wife's testimony at the preliminary hearing. He believes had he gone to trial, the combination of her inconsistencies with other evidence he claims he could present would cause a jury to find his wife not credible and thus acquit him. Second, he argues the district court considered improper information when denying his motion, specifically his criminal history and information about his performance on parole. Third, he argues there is no prejudice to the State in that were the court to permit him to withdraw his plea the State would have available to it all the evidence it would have had if Thompson had originally requested a jury trial. Fourth and finally, he argues the first two reasons he believes justify withdrawal from the plea agreement constitute "good cause" permitting him to withdraw.

ANALYSIS

For Thompson to prevail, he must show the district court abused its discretion when it denied his motion to withdraw. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). When analyzing Thompson's motion, the district court properly applied the factors from *Edgar*, 281 Kan. at 36: (1) whether competent counsel represented defendant; (2) whether someone mislead, coerced, mistreated, or unfairly took advantage of defendant; and (3) whether defendant fairly and understandably made his plea agreement. Thompson did not allege any matters affecting the first two *Edgar* factors. Rather, he focused his request to withdraw on the third factor, arguing that because of the inconsistencies with his wife's testimony he did not fairly and understandably make his plea agreement.

As the district court correctly noted, the problem with Thompson's argument is that he was aware of those inconsistencies in his wife's testimony at the time he made the plea agreement. The record indicates at the time he made his plea agreement, Thompson was aware of how he might defend the case against him. He was aware of what he was giving up in exchange for the plea agreement, including that he was giving up the opportunity to put his wife's credibility at stake before a jury. Therefore, the district court held Thompson made his plea fairly and understandably.

Thompson also alleges the district court improperly considered Thompson's criminal history and record of parole performance when deciding whether to let him withdraw his plea. Thompson is correct that the district court judge mentioned "difficulties" he had on parole. But it is clear the judge was simply trying to explain a real motive for Thompson's trying to withdraw the plea. The judge stated:

> "Based upon my review of his record and my review of his difficulties that he had had in parole and following the parole rules based on his DOC history, which may have triggered the buyer's remorse, I don't know, but in any event, good cause has not been shown in this case, and I will deny his request to withdraw his plea."

The district court was stating its belief that Thompson was regretting making the deal, perhaps because of his prior experience with other cases, but the record does not indicate the court was using Thompson's criminal history as a reason not to allow him to withdraw his plea. By the time the court made the statement above, it had already, point-by-point, analyzed the *Edgar* factors and applied them to its denial of Thompson's motion. The district court was not considering Thompson's history when determining whether to let Thompson withdraw his plea.

Thompson argues there was no prejudice to the State were he to withdraw his plea, and therefore the court should have let him withdraw his plea. He cites no authority in his

brief to sustain this proposition. That the district court denied Thompson's motion even though the State could still present a case at jury trial was not an abuse of discretion.

Lastly, in a variation of a cumulative error argument, Thompson makes a general argument that he had "good cause" to withdraw his plea. In making this argument, Thompson rehashes the arguments that his plea was not fairly and understandably made because of the issues surrounding his wife's testimony combined with his allegation the district court improperly considered his criminal history in its decision. Again, the court did not abuse its discretion denying this more general argument because Thompson fairly and understandably made the plea agreement and the court did not use his criminal history as a basis to deny his motion to withdraw plea.

We affirm the district court.